RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 5-31-05

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

WILLIAM C. ROBERTS,
Plaintiff

v.

JCPENNEY; GENERAL ELECTRIC
CAPITAL CORPORATION;
MONOGRAM CREDIT CARD BANK OF
GEORGIA; GE MONEY BANK; D&S,
LTD.; and NORTHLAND GROUP, INC.,
Defendants

05 - 11123 RWZ

MAGISTRATE JUDGE _____

### DEFENDANTS' NOTICE OF REMOVAL

The defendant Northland Group, Inc. ("Northland") hereby removes the within action from the Dedham District Court (Norfolk County), Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C., §§ 1331, 1441(a), (b), and 1446(a). As grounds for the removal of this action, the defendant states as follows:

(1) The plaintiff William C. Roberts ("Roberts") commenced a civil action in the Dedham District Court on or about April 21, 2005, captioned *William C. Roberts v. JCPenney, General Electric Capital Corporation, Monogram Credit Card Bank of Georgia, GE Money Bank, D&S, Ltd., and Northland Group, Inc.*, Dedham District Court, Civil Action No. 0554-CV-0383;

(2) Service of the Summons and Verified Complaint was purportedly made by mail on the defendant Northland, according to certified mail receipt records, on or about May 2, 2005;

(3) The plaintiff's Complaint alleges that the defendants, both creditors and collection entities, pursued him for a debt which he denied was valid, failed to provide him with

ID # 432704v01/14548-2/ 05.31.2005



documentation about the debt, and persisted in wrongful collection efforts, and that he was harmed by the defendant's conduct;

(4) The plaintiff claims that the alleged conduct violated the Massachusetts General Laws and the federal statute commonly known as the Fair Debt Collection Practices Act (15 USC §1692 et seq.);

(5) The plaintiff has a usual residence in Wellesley, Massachusetts. The defendant Northland is a corporation with a principal place of business in Edina, Minnesota;

(6) This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1331 as the plaintiff alleges violations of the Laws of the United States.

Attached hereto, pursuant to 28 U.S.C. §1446(a), are copies of the Summons and Complaint with which the defendants were served (by certified mail) in this matter.

NORTHLAND GROUP, INC.
By its attorney,

_____
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 33rd Floor
Boston, MA 02199-8004
617-973-6100

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 31st day of May, 2005, I caused a copy of the above **Notice of Removal** to be mailed to Dennis R. Brown, Esquire, Dennis R. Brown, P.C., 31 Washington Street, Wellesley, MA 02481.

_____
Steven S. Broadley

FAX (781) 237-8906

# DENNIS R. BROWN, P.C.
## ATTORNEYS AT LAW
### 31 WASHINGTON STREET • WELLESLEY, MA 02481

TEL. (781) 431-1340

April 28, 2005

<u>CERTIFIED MAIL R.R.R.</u>
<u>#7004 2890 0002 9270 7742</u>

Northland Group, Inc.
P.O. Box 390846
Edina, MN 55439

*[Handwritten: William C. Roberts 8162177 GE Money Bank - Inact. CG8891713155665]*

RE:   WILLIAM C. ROBERTS
      V.
      JCPENNEY, GENERAL ELECTRIC CAPITAL CORPORATION, MONOGRAM
      CREDIT CARD BANK OF GEORGIA, GE MONEY BANK, D & S, Ltd.
      AND NORTHLAND GROUP, INC.
      COMMONWEALTH OF MASSACHUSETTS
      NORFOLK COUNTY
      DEDHAM DISTRICT COURT DOCKET NUMBER: 0554-CV-0383

Dear Sir or Madam:

Enclosed please find photocopies of the following materials which I am forwarding to you on behalf of my client/the Plaintiff, William C. Roberts, in connection with the above-referenced case:

1. Summons directed to the Defendant, Northland Group, Inc.;

2. Verified Complaint for Declaratory and Injunctive Relief;

3. Statement of Damages;

4. Uniform Counsel Certification for Civil Cases.

Thank you.

RECIEVED
BY_____ULB_____

MAY 0 2 2005
NGI
CONFIDENTIAL

Very truly yours,

*[signature]*
Dennis R. Brown

DRB/ks
Enc.
rof/wp/doc/wcroxcreditcard-211

# Trial Court Of The Commonwealth

District Court Department
Dedham Division
631 High Street
Dedham, Massachusetts 02026

(781) 329-4777



*Norfolk, ss*

WILLIAM C. ROBERTS
V.
JCPENNEY, ET AL

**SUMMONS**
(Rule 4)

Civil Action No. __0554-CV-0383__

To Defendant __NORTHLAND GROUP, INC.__ of __P.O. BOX 390846, EDINA, MN 55439__
               (Name)                              (Address)

You are hereby summoned and required to serve upon __DENNIS R. BROWN__, plaintiff('s attorney), whose address is __31 WASHINGTON STREET, WELLESLEY, MA 02481__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You also are required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will be barred from making such claim in any other action.

WITNESS, LYNDA M. CONNOLLY, Presiding Justice, on __04/28/05__
                                                                     (Date)

(SEAL)

_____
Clerk-Magistrate

**Note:**
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at the commencement of the action should be affixed to this summons before it is served.

**RETURN OF SERVICE**

On _____, I served a copy of the within summons, together with a copy of the complaint in this action,
    (Date of service)
upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

_____
(Signature)

_____
(Name and title)

_____
(Address)

**Note:**
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process Rule 4(f)
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

DCDD-201                  This form prescribed by the Chief Justice of the District Courts

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                DEDHAM DISTRICT COURT
                                            DOCKET #:

WILLIAM C. ROBERTS,            )
     Plaintiff                 )
                               )
     v.                        )
                               )
JCPENNEY, GENERAL ELECTRIC     )
CAPITAL CORPORATION, MONOGRAM  )
CREDIT CARD BANK OF GEORGIA,   )
GE MONEY BANK, D & S, LTD.,    )
and NORTHLAND GROUP, INC.      )
     Defendants                )

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. THE PARTIES

1. The Plaintiff is William C. Roberts ("**Roberts**"), an individual who currently resides at 97 Audubon Road, Wellesley, Norfolk County, Massachusetts.

2. The Defendants are JCPenney, a business entity with principal offices for the conduct of business and/or a mailing address of:

   P.O. Box 960001
   Orlando, FL 32896-0001

   P.O. Box 981131
   El Paso, TX 79998

   and General Electric Capital Corporation, a business entity with principal offices for the conduct of business and/or a mailing address of P.O. Box 103101, Roswell, GA 30076, Monogram Credit Card Bank of Georgia, a business entity with principal offices for the conduct of business and/or a mailing address of:

   P.O. Box 628084
   Orlando, FL 32862-9048

   P.O. Box 103101
   Roswell, GA 30076

   and GE Money Bank, a business entity with principal offices for the conduct of business and/or a mailing address of 3135 Easton Turnpike, Fairfield, CT 06828-0001 ("**Alleged Creditor**").

and D & S, Ltd., a business entity with principal offices for the conduct of business and/or a mailing address of 231 E. Main Street, Suite 240, Round Rock, TX 78664, General Electric Capital Corporation, a business entity with principal offices for the conduct of business and/or a mailing address of P.O. Box 103101, Roswell, GA 30076 and Northland Group, Inc., a business entity with principal offices for the conduct of business and/or mailing address of P.O. Box 390846, Edina, MN 55439 (**"Debt Collector"**).

## II. FACTUAL BACKGROUND

3. On or about May of 2004, Roberts became aware that the Alleged Creditor was claiming that he was obligated to the Alleged Creditor on an account maintained by the Alleged Creditor designated as account number 171 731 566 5 (**"Alleged Creditor's Claimed Account"**).

4. On or about June 24, 2004, Roberts, through counsel, corresponded with the Alleged Creditor and/or the Debt Collector in connection with the Alleged Creditor's Claimed Account. In such correspondence, Roberts denied any obligation to the Alleged Creditor and, pursuant to the Federal Fair Debt Collection Practices Act, Section 809 (15 USC, Section 1692g), Roberts requested that he be provided with all documentation in the Alleged Creditor's file concerning any claims against the Alleged Creditor's Claimed Account and specifically requested all information and/or documentary support consisting of, providing or indicating:

   a. What money was claimed to be due and owing from Roberts;

   b. An explanation and demonstration of how the Alleged Creditor calculated what monies it said were due and owing from Roberts;

   c. Copies of any papers showing that Roberts had agreed to pay monies claimed to be due from Roberts by the Alleged Creditor;

   d. Verification or copy of any judgment, if applicable;

   e. That, if the Alleged Creditor was not the "original creditor", identification of the "original creditor" be made;

   f. That, if the Alleged Creditor was a "debt collector" under federal or state law, the Alleged Creditor show or demonstrate it was licensed in the Commonwealth of Massachusetts to engage in the business of debt collection and that the Alleged Creditor provide its license numbers regarding the same.

5.  In the above-referenced correspondence, Roberts also requested that, if the Alleged Creditor and/or the Debt Collector had reported the Alleged Creditor's Claimed Account to any credit reporting agency, the Alleged Creditor inform any such credit reporting agency that Roberts did not agree with the claimed debt and that the Alleged Creditor and/or the Debt Collector provide Roberts proof that it had done so.

6.  Despite the foregoing requests, the Alleged Creditor and/or the Debt Collector failed and/or refused to provide any and/or all documentation which had been requested.

7.  Roberts is not indebted to the Alleged Creditor on the Alleged Creditor's Claimed Account and has made no agreement with the Alleged Creditor concerning payment for the provision of products and/or services identified, mentioned, referenced or encompassed within the Alleged Creditor's Claimed Account.

### COUNT I - FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

8.  Roberts repeats and realleges all provisions contained in paragraphs 1 through 7 above.

9.  The debt claimed by the Alleged Creditor on the Alleged Creditor Claimed Account is a consumer debt within the meaning of Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) and, at all times material hereto the Alleged Creditor and/or the Debt Collector was acting as a debt collector within the meaning of the Federal Fair Debt Collection Practices Act.

10. Despite being informed that Roberts was not obligated to the Alleged Creditor, the Alleged Creditor and/or the Debt Collector persisted in collection attempts against Roberts on the Alleged Creditor Claimed Account.

11. Despite request for validating information as stated above, the Alleged Creditor and/or the Debt Collector has failed and/or refused to provide some or all of the validating information and/or documentation requested by Roberts and has failed to cease collection activities against Roberts.

12. By the conduct stated above, the Alleged Creditor and/or the Debt Collector engaged in conduct to "harass, oppress, or abuse" Roberts in connection with debt collection and/or engaged in the use of "false, deceptive or misleading representation or means" to collect or attempt to collect a debt.

13. By its conduct the Alleged Creditor has engaged in violation of the Federal Fair Debt Collection Practices Act.

14. Roberts has been harmed by the conduct stated above.

## COUNT II - DECLARATORY RELIEF

15. Roberts repeats and realleges all provisions contained in paragraphs 1 through 14 above.

16. There now exists a serious controversy between the parties concerning their rights, duties and status concerning right, title and interest regarding the Alleged Creditor's Claimed Account.

17. Roberts is entitled to a declaration in his favor to the effect that he is not obligated to the Alleged Creditor under the Alleged Creditor's Claimed Account.

18. Roberts has no other plain adequate remedy at law or equity other than by an action, such as the one brought by this complaint with this Court.

## COUNT III - INJUNCTIVE RELIEF

19. Roberts repeats and realleges all provisions contained in paragraphs 1 through 18 above.

20. Roberts is entitled to the protection of this Court preventing the Alleged Creditor and/or the Debt Collector from taking any action against Roberts in pursuit of an alleged debt under the Alleged Creditor's Claimed Account.

21. The Alleged Creditor and/or the Debt Collector has taken action in pursuit of the alleged debt by Roberts under the Alleged Creditor's Claimed Account, including making claim and demand upon Roberts and submitting unfavorable reports to credit reporting agencies.

22. Roberts is entitled to the issuance of an order of injunctive relief enjoining the Alleged Creditor and/or the Debt Collector from taking action in pursuit of the alleged debt by Roberts under the Alleged Creditor's Claimed Account, including making claim and demand upon Roberts and submitting unfavorable reports to credit reporting agencies.

23. Roberts will suffer immediate and irreparable harm if such injunctive relief as prayed for in this Complaint is not rendered by this Court.

WHEREFORE, the Plaintiff, William C. Roberts, respectfully requests that this Court grant him the following relief and remedy:

a. Issuance of a Temporary Restraining Order enjoining any of the Defendants or any of its or their agents, servants or employees, from taking action in pursuit of the alleged debt by Roberts under the Alleged Creditor's Claimed Account, including making claim and demand upon Roberts and submitting unfavorable reports to credit reporting agencies;

b.  Issuance of a Short Order of Notice to show cause why any of the Defendants or any of its or their agents, servants or employees, should not be enjoined from taking action in pursuit of the alleged debt by Roberts under the Alleged Creditor's Claimed Account, including making claim and demand upon Roberts and submitting unfavorable reports to credit reporting agencies;

c.  Following return of said Order, entry of an Order of Preliminary Injunction enjoining any of the Defendants or any of its or their agents, servants or employees, from taking action in pursuit of the alleged debt by Roberts under the Alleged Creditor's Claimed Account, including making claim and demand upon Roberts and submitting unfavorable reports to credit reporting agencies;

d.  After Trial, the entry of a Judgment providing for a permanent injunction enjoining any of the Defendants or any of its or their agents, servants or employees, from taking action in pursuit of the alleged debt by Roberts under the Alleged Creditor's Claimed Account, including making claim and demand upon Roberts and submitting unfavorable reports to credit reporting agencies;

e.  Entry of a declaratory judgment setting forth the rights and obligations of the parties hereto with respect to the legal right, title and interest concerning the Alleged Creditor's Claimed Account;

f.  Award of damages (including actual damages, punitive damages and statutory damages as may be applicable to Plaintiff's claims);

g.  Interest, costs and attorney's fees;

h.  Any other relief this Court may deem meet and just.

                                        Plaintiff

                                        By His Attorney,

                                        *[signature]*
                                        DENNIS R. BROWN, ESQUIRE
                                        DENNIS R. BROWN, P.C.
                                        31 Washington Street
                                        Wellesley, MA 02481
                                        (781) 431-1340
DATED: April 21, 2005                   BBO #: 059980
ref/wp/doc/wcrcreditcard/149-153

## VERIFICATION

I, William C. Roberts, under oath do depose and say as follows:

1. I am the Plaintiff identified in the foregoing Complaint.

2. I have read the foregoing Complaint.

3. The factual allegations set forth therein are true and accurate.

Signed under the pains and penalties of perjury this 19th day of April 2005.

*[signature]*
WILLIAM C. ROBERTS

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-11123 RWZ

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William C. Roberts

**DEFENDANTS**
JCPenney; General Electric Capital Corporation; Monogram Credit Card Bank of Georgia; GE Money Bank; D&S, Ltd.; and Northland Group, Inc.

(b) County of Residence of First Listed Plaintiff: **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **N/A**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Dennis R. Brown, Esq., Dennis R. Brown, PC, 31 Washington Street, Wellesley, MA 02481 (781-431-1340)

Attorneys (If Known)
Steven S. Broadley, Esq., Posternak Blankstein & Lund LLP, 800 Boylston Street, 33rd Floor, Boston, MA 02199 (617-973-6100)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Sec. 1692
Brief description of cause:
Plaintiff claims violation of debt collection statute.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 5/31/05
SIGNATURE OF ATTORNEY OF RECORD: [signature] Attorney for Northland Group, Inc.

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) William C. Roberts v. JCPenney; General Electric Capital Corporation; Monogram Credit Card Bank of Georgia; GE Money Bank; D&S Ltd.; and Northland Group, Inc

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [✓] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   05-11123 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Steven S. Broadley, BBO 542305, Posternak Blankstein & Lund, LLP
ADDRESS   800 Boylston Street, Boston, MA 02199
TELEPHONE NO.   617-973-6100

(CategoryForm.wpd - 5/2/05)