

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.

WILLIAM C. ROBERTS,
        Plaintiff

v.

JCPENNEY; GENERAL ELECTRIC
CAPITAL CORPORATION;
MONOGRAM CREDIT CARD BANK OF
GEORGIA; GE MONEY BANK; D&S,
LTD.; and NORTHLAND GROUP, INC.,
        Defendants

05 - 11123 RWZ

## DEFENDANTS' NOTICE OF REMOVAL

The defendant Northland Group, Inc. ("Northland") hereby removes the within action from the Dedham District Court (Norfolk County), Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C., §§ 1331, 1441(a), (b), and 1446(a). As grounds for the removal of this action, the defendant states as follows:

(1)    The plaintiff William C. Roberts ("Roberts") commenced a civil action in the Dedham District Court on or about April 21, 2005, captioned *William C. Roberts v. JCPenney, General Electric Capital Corporation, Monogram Credit Card Bank of Georgia, GE Money Bank, D&S, Ltd., and Northland Group, Inc.*, Dedham District Court, Civil Action No. 0554-CV-0383;

(2)    Service of the Summons and Verified Complaint was purportedly made by mail on the defendant Northland, according to certified mail receipt records, on or about May 2, 2005;

(3)    The plaintiff's Complaint alleges that the defendants, both creditors and collection entities, pursued him for a debt which he denied was valid, failed to provide him with

documentation about the debt, and persisted in wrongful collection efforts, and that he was harmed by the defendant's conduct;

(4)     The plaintiff claims that the alleged conduct violated the Massachusetts General Laws and the federal statute commonly known as the Fair Debt Collection Practices Act (15 USC §1692 et seq.);

(5)     The plaintiff has a usual residence in Wellesley, Massachusetts. The defendant Northland is a corporation with a principal place of business in Edina, Minnesota;

(6)     This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1331 as the plaintiff alleges violations of the Laws of the United States.

Attached hereto, pursuant to 28 U.S.C. §1446(a), are copies of the Summons and Complaint with which the defendants were served (by certified mail) in this matter.

**NORTHLAND GROUP, INC.**
By its attorney,

Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 33rd Floor
Boston, MA 02199-8004
617-973-6100

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 31st day of May, 2005, I caused a copy of the above **Notice of Removal** to be mailed to Dennis R. Brown, Esquire, Dennis R. Brown, P.C., 31 Washington Street, Wellesley, MA 02481.

Steven S. Broadley

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11123RWZ

WILLIAM C. ROBERTS,
    Plaintiff

v.

JCPENNEY; GENERAL ELECTRIC
CAPITAL CORPORATION;
MONOGRAM CREDIT CARD BANK OF
GEORGIA; GE MONEY BANK; D&S,
LTD.; and NORTHLAND GROUP, INC.,
    Defendants

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:     Civil Clerk                    Dennis R. Brown, Esquire
        Dedham District Court          Dennis R. Brown, PC
        631 High Street                31 Washington Street
        Dedham, MA 02026               Wellesley, MA 02481

    Please take notice that a Notice of Removal of the above-titled action to the United States

District Court for the District of Massachusetts (Boston Division), a copy of which is attached hereto,

was filed by the defendant Northland Group, Inc. in the United States District Court for the District

of Massachusetts (Boston Division) on May 31, 2005.

                                NORTHLAND GROUP, INC.
                                By its attorney,


                                Steven S. Broadley, BBO #542305
                                Posternak Blankstein & Lund, LLP
                                Prudential Tower
                                800 Boylston Street, 33rd Floor
                                Boston, MA 02199-8004
                                617-973-6100

DEDHAM DISTRICT COURT
2005 JUN -3 FILED

ID # 433151v01/14548-2/ 06.01.2005

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 1st day of June, 2005, I caused a copy of the above **Notice of Filing Removal** to be mailed to Dennis R. Brown, Esquire, Dennis R. Brown, P.C., 31 Washington Street, Wellesley, MA 02481.

Steven S. Broadley

DEDHAM DISTRICT COURT

2005 JUN -3 A 10: 40

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                          DEDHAM DISTRICT COURT
                                      DOCKET #: 0554-CV-0383

WILLIAM C. ROBERTS,                )
        Plaintiff                  )
                                   )
        v.                         )
                                   )
JCPENNEY, GENERAL ELECTRIC         )
CAPITAL CORPORATION, MONOGRAM      )
CREDIT CARD BANK OF GEORGIA,       )
GE MONEY BANK, D & S, LTD.,        )
and NORTHLAND GROUP, INC.          )
        Defendants                 )

## STIPULATION OF DISMISSAL

        Pursuant to Rule 41(a)(1)(ii), the parties herein have
stipulated that this action on behalf of the Plaintiff, William C.
Roberts, as to the Defendants, JCPenney, General Electric Capital
Corporation, Monogram Credit Card Bank of Georgia, GE Money Bank,
D & S, Ltd., and Northland Group, Inc., be dismissed with prejudice
and without costs to any party.

Plaintiff                             Defendant

                                      Northland Group, Inc.

By His Attorney,                      By Its Attorney,

DENNIS R. BROWN, ESQUIRE              STEVEN S. BROADLEY, ESQUIRE
DENNIS R. BROWN, P.C.                 POSTERNAK BLANKSTEIN & LUND, LLP
31 Washington Street                  800 Boylston Street, 33rd Floor
Wellesley, MA 02481                   Boston, MA 02199-8004
(781) 431-1340                        (617) 973-6100
BBO # 059980                          BBO # 542305

DATED: 10/6/05                        DATED: 10/05/2005

| NOTICE OF CASE MANAGEMENT CONFERENCE | Document 4 DOCKET NUMBER 200554CV000383 | Court of Massachusetts District Court Department Civil Session |
|---|---|---|

CASE NAME  **WILLIAM C. ROBERTS vs. J C PENNY**

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED | CURRENT COURT |
|---|---|
| COURT COPY | Dedham District Court 631 High Street Dedham, MA 02026-1848 (781) 329-4777 |

| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED | CASE MANAGEMENT CONFERENCE SCHEDULED for 09/28/2005 09:00 AM (Dist Ct Standing Order 1-98). | ←←←←← WHEN YOU |
|---|---|---|
| COURT COPY | ROOM/SESSION | MUST APPEAR ←←←←← |

| COURT CONTACT PERSON & TELEPHONE NO. Fatima E. Gomes 781 329-4777 x320 or 321 | JUDGE OR MAGISTRATE (if already assigned) |
|---|---|

Pursuant to Mass. R. Civ. P.16 and G.L. c. 221, ss 62C, counsel for all parties to this action are **ORDERED** to appear at a case management conference at this court on the above date and time to report on the status of this action.

1. **Agenda.** The purpose of the case management conference is to determine the trial readiness of the case; offer and conduct early-intervention alternative dispute resolution; establish deadlines for discovery, amendment of pleading, addition of parties, dispositive motions, and disclosure of expert witnesses; resolve any discovery dispute and address pending motions; review any proposed case management orders submitted by any party; enter case management orders as appropriate; and assign a firm trial date for cases ready for trial or a firm pretrial conference date for all cases not ready for trial.

2. **Obligations of Counsel.** Counsel shall be familiar with the facts of the case and shall have authority to settle and to select firm dates for trial or pretrial conference. Clients or persons with settlement authority shall be available for telephone consultation with counsel during the case management conference. Counsel shall serve any proposed case management orders and motions to opposing counsel in advance of the case management conference. Counsel are **not** required to prepare any memorandum for the case management conference.

3. **Continuances.** Request for continuances of the case management conference for good cause shall be addressed in writing to the judge named below and shall list all dates in the next thirty days that counsel is unavailable for the case management conference.

4. **Liaison.** Please call the court contact person listed above with any questions or to report settlement.

A TRUE COPY
ATTEST: _Stephen C Portpast_ **Clerk**

| DATE ISSUED 05/24/2005 | JUDGE ISSUING ORDER Hon. Patricia G. Curtin | CLERK-MAGISTRATE C-M Salvatore Paterna |
|---|---|---|

Date/Time Printed:   05/24/2005 03:13 PM

| NOTICE OF PRETRIAL CONFERENCE | 200554CV000383 | Court of Massachusetts District Court Department Civil Session |  |
|---|---|---|---|

CASE NAME  **WILLIAM C. ROBERTS  vs.  J C PENNY**

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED | CURRENT COURT |
|---|---|
| **COURT COPY** | Dedham District Court<br>631 High Street<br>Dedham, MA 02026-1848<br>(781) 329-4777 |

| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED | PRETRIAL CONFERENCE SCHEDULED<br>for 01/09/2006 09:00 AM. | |
|---|---|---|
| **COURT COPY** | | ←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>←←←← |
| | ROOM/SESSION | |

| COURT CONTACT PERSON & TELEPHONE NO. | JUDGE OR MAGISTRATE (if already assigned) |
|---|---|
| Civil Dept 781-329-4777 x315 | |

A pretrial/conciliation conference will be held at this court on the above date and time.  Pursuant to Mass. R. Civ. P. 16, the parties are **ORDERED** as follows:

1. **Settlement.**  Plaintiff counsel shall contact opposing counsel to discuss settlement in advance of the conference. Defense counsel shall, after conferring with the defendant(s), respond to any settlement demand made by the plaintiff(s). Counsel for each party shall discuss with their client(s) the estimated costs of further litigation through trial, and shall certify in the pretrial memorandum that such discussion has occurred.

2. **Memorandum.**  At least three weeks before the conference, plaintiff counsel shall prepare and serve a draft joint pretrial memorandum to opposing counsel, consisting of **no more than 5 pages**, setting forth: (A) a concise summary of the claim and defenses; (B) a list of witnesses, including experts, and a concise summary of the testimony anticipated from each witness; (C) facts established by pleadings, stipulation or admission; (D) an itemized list of special damages, if any; (E) the estimated length of trial; (F) certification by each counsel that their clients(s) have been apprised of estimated litigation costs.  At least two weeks before the conference, defense counsel shall prepare and serve any revisions to such memorandum.  Counsel for all parties shall thereafter confer and, at least one week before the conference, file a joint pretrial memorandum with the court.

3. **Authority.**  Counsel are expected to have full authority to settle and file stipulations of dismissal or agreements for judgment at the pretrial conference.  All parties shall be available for telephone consultation by counsel during the pretrial conference.

4. **Continuances.**  Request for continuances of the pretrial conference shall be made in writing and addressed to the attention of the judge named below.  Requests shall specify the next pretrial  conference dates that all counsel are available.

5. **Trial Date.**  A firm trial date will be set by the Court and counsel if the case does not settle at the pretrial conference.

6. **Sanctions.**  Failure to comply with this order, or failure to appear at the pretrial conference, may result in sanctions including but not limited to assessment of costs, entry of default or dismissal.

7. **Liaison.**  Please call the court contact person listed above with any questions or to report settlement in advance of the pretrial conference.

A TRUE COPY
ATTEST: *Stephen C Patrast* Clerk

| DATE ISSUED | JUDGE ISSUING ORDER | CLERK-MAGISTRATE |
|---|---|---|
| 09/29/2005 | Hon. Mary Hogan Sullivan | C-M Salvatore Paterna |

Date/Time Printed:   09/29/2005 12:35 PM

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.
DEDHAM DISTRICT COURT
Civil Action No. 0554-CV-0383

WILLIAM C. ROBERTS,
Plaintiff

v.

JCPENNEY, GENERAL ELECTRIC
CAPITAL CORPORATION, MONOGRAM
CREDIT CARD BANK OF GEORGIA, GE
MONEY BANK, D&S, LTD, and
NORTHLAND GROUP, INC.,
Defendants

## ANSWER OF NORTHLAND GROUP, INC.

The defendant Northland Group, Inc. ("Northland"), pursuant to Mass. R. Civ. P. 12(a),

answers the allegations in the Complaint of the plaintiff William C. Roberts ("Roberts") as follows.

### First Defense

1.  Northland is without knowledge or information sufficient to form a belief as to the truth

or accuracy of the allegations in paragraph 1.

2.  Answering the allegations of paragraph 2, Northland states that it has principal offices in

the location alleged, and Northland is otherwise without knowledge or information sufficient to form

a belief as to the truth or accuracy of the remaining allegations in the paragraph.

3.  Northland is without knowledge or information sufficient to form a belief as to the truth

or accuracy of the allegations in paragraph 3.

4.  Northland is without knowledge or information sufficient to form a belief as to the truth

or accuracy of the allegations in paragraph 4. Further answering paragraph 4 and any other

paragraph using the defined term "debt collector", Northland states that it is not susceptible of a

ID # 430955v01/5112-1/ 05.19.2005

A TRUE COPY
ATTEST: _Stephen C. Patriad_ Clerk

reasonable answer as the phrase "debt collector" appears to be intended to describe three entirely different entities operating independently, yet the complaint variously alleges conduct by one or a 1 of them. As only one of three different entities collectively described by Roberts as "debt collectc r", Northland can neither admit nor deny such non-specific allegations.

5.  Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 5.

6.  Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 6. To the extent that the allegations pertain to Northland specifically, it denies them.

7.  Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 7.

8.  Answering the allegations of paragraph 8, Northland incorporates paragraphs 1-7 of this Answer by reference as if fully set forth herein.

9.  Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 9.

10. Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 10. To the extent that the allegations pertain to Northland specifically, it denies them.

11. Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 11. To the extent that the allegations pertain to Northland specifically, it denies them.

12. Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 12. To the extent that the allegations pertain to Northland

A TRUE COPY
ATTEST: _Stephen C Prichard_ Clerk

specifically, it denies them, and Northland expressly denies engaging in any improper conduct in the business of collections.

13. Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 13.

14. Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 14. To the extent that the allegations pertain to Northland specifically, it denies them.

15. Answering the allegations of paragraph 15, Northland incorporates paragraphs 1-14 of this Answer by reference as if fully set forth herein.

16. Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 16.

17. Northland denies the allegations in paragraph 17.

18. Northland denies the allegations in paragraph 18.

19. Answering the allegations of paragraph 19, Northland incorporates paragraphs 1-18 of this Answer by reference as if fully set forth herein.

20. Northland denies the allegations in paragraph 20.

21. Northland is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 21. To the extent that the allegations pertain to Northland specifically, it denies them.

22. Northland denies the allegations in paragraph 22.

23. Northland denies the allegations in paragraph 23.

### Second Defense

The Complaint fails to state claims against Northland for which relief may be granted.

A TRUE COPY
ATTEST: _Stephen C Porthail_ Clerk

### Third Defense

If this Court concludes that Northland has participated in any of the conduct alleged in the

Complaint, and that such conduct constitutes a violation of the Fair Debt Collection Practices Act, 15

U.S.C. §1692 et seq. ("FDCPA"), then Northland may not be held liable because any such violation

of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the

maintenance of procedures reasonably adopted to avoid any such error.

### Fourth Defense

The plaintiff's damages, if any, were proximately caused by the acts or omissions of

persons or entities for whose conduct Northland neither is nor has been legally responsible.

**WHEREFORE**, Northland demands that the Complaint be dismissed as to it with prejudice

and that it be awarded its costs.

**NORTHLAND GROUP, INC.**
By its attorney,

Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 33rd Floor
Boston, MA 02199-8004
617-973-6100

### CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on
this 20 day of May, 2005, I caused a copy of the above **Answer of Northland Group, Inc.** to be
mailed to Dennis R. Brown, Esquire, Dennis R. Brown, P.C., 31 Washington Street, Wellesley, MA
02481.

Steven S. Broadley

A TRUE COPY
ATTEST: Stephen C Patrial Clerk

ID # 430955v01/5112-1/ 05.19.2005

4

# Trial Court Of The Commonwealth



District Court Department
Dedham Division
631 High Street
Dedham, Massachusetts 02026

(781) 329-4777

*Norfolk, ss*                                                   Civil Action No. __0554-CV-0383__

WILLIAM C. ROBERTS                    **SUMMONS**
V.                                                          (Rule 4)
JCPENNEY, ET AL                                              231 E. MAIN STREET
                                                            SUITE 240
To Defendant _____D & S, LTD._____    of __ROUND ROCK, TX 78664__:
                        *(Name)*                                      *(Address)*

You are hereby summoned and required to serve upon____DENNIS R. BROWN_____,
plaintiff('s attorney), whose address is____31 WASHINGTON STREET, WELLESLEY, MA02481_____,
a copy of your answer to the complaint which is herewith served upon you, within **20** days after service of this summons,
exclusive of the day of service. You also are required to file your answer to the complaint in the office of the Clerk of this
court either before service upon plaintiff('s attorney), or within **5** days thereafter. If you fail to meet the above
requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not
appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim
or you will be barred from making such claim in any other action.

WITNESS, LYNDA M. CONNOLLY, Presiding Justice, on ____04/28/05_____
                                                                        *(Date)*

(SEAL)

Clerk-Magistrate

Note:
  (1)    When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be
          addressed to the particular defendant.
  (2)    The number assigned to the complaint by the Clerk at the commencement of the action should be affixed to this summons before it is served.

**RETURN OF SERVICE**

On _____, I served a copy of the within summons, together with a copy of the complaint in this action,
              *(Date of service)*
upon the within named defendant, in the following manner (see Rule 4 (d) (1-5):

                                                                        _____
                                                                            *(Signature)*

A TRUE COPY                                                   _____
ATTEST: *Stephen C. Portard* **Clerk**                          *(Name and title)*

                                                                        _____
                                                                            *(Address)*

Note:
  (1)    The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such
          service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process Rule 4(f).

  (2)    Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the
          person requesting service or his attorney.

  (3)    If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set
          forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

## **AFFIDAVIT OF SERVICE**

I, Dennis R. Brown, under oath do depose and say as follows:

1.   I am counsel of record for the Plaintiff, William C. Roberts.

2.   On Thursday, April 28, 2005, I served the Defendant, D & S, Ltd., with the following materials:

Summons directed to the Defendant, D & S, Ltd.

Verified Complaint for Declaratory and Injunctive Relief

Statement of Damages

Uniform Counsel Certification for Civil Cases

3.   Service upon the Defendant, D & S, Ltd., was effectuated by mailing copies of the above-identified materials by first class postage prepaid certified mail return receipt requested to said Defendant at 231 E. Main Street, Suite 240, Round Rock, TX 78664.

Signed under the pains and penalties of perjury this 5th day of May 2005.

DENNIS R. BROWN, ESQUIRE
DENNIS R. BROWN, P.C.
31 Washington Street
Wellesley, MA 02481
(781) 431-1340
BBO # 059980

A TRUE COPY
ATTEST: Stephen C Pritcail Clerk

BEDHAM DISTRICT COURT
2005 MAY - 9   A 10: 0



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

ROUND ROCK, TX  78664

| Postage | $ | 0.83 | UNIT ID: 0109 |
|---|---|---|---|
| Certified Fee | | 2.30 | |
| Return Receipt Fee (Endorsement Required) | | 1.75 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | | Clerk: FW231B |
| Total Postage & Fees | $ | 4.88 | 04/28/05 |

Sent To  D&S, Ltd.
Street, Apt. No.; or PO Box No.  231 E. Main St. Suite 240
City, State, ZIP+4  Round Rock TX 78664

PS Form 3800, June 2002        See Reverse for Instructions

7004 2890 0002 9270 7735

A TRUE COPY
ATTEST: Stephen C Pentard   Clerk

2005 MAY -9  A 10:00   DEDHAM DISTRICT COURT

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

D&S, Ltd.
231 E. Main Street
Suite 240
Round Rock, TX
78664

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
05.02.06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7004 2890 0002 9270 7735

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# Trial Court Of The Commonwealth

District Court Department
Dedham Division
631 High Street
Dedham, Massachusetts 02026



(781) 329-4777

*Norfolk, ss*

WILLIAM C. ROBERTS
V.
JCPENNEY, ET AL

**SUMMONS**
(Rule 4)

Civil Action No. __0554-CV-0383__

To Defendant ___GE MONEY BANK___ of ___FAIRFIELD, CT 06828-0(___
*(Name)*                                  *(Address)*

3135 EASTON TURNPIKE

You are hereby summoned and required to serve upon___DENNIS R. BROWN___,
plaintiff('s attorney), whose address is__31 WASHINGTON STREET, WELLESLEY, MA 02481___,
a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons,
exclusive of the day of service. You also are required to file your answer to the complaint in the office of the Clerk of this
court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above
requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not
appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff' claim
or you will be barred from making such claim in any other action.

WITNESS, LYNDA M. CONNOLLY, Presiding Justice, on ___04/28/05___
                                                          *(Date)*

(SEAL)

_____
Clerk-Magistrate

**Note:**
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at the commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint in this action,
       *(Date of service)*
upon the within named defendant, in the following manner (see Rule 4 (d) (1-5):

A TRUE COPY
ATTEST: _Stephen C Prichard_ **Clerk**

(Signature) _____
(Name and title) _____
(Address) _____

**Note:**
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process Rule 4( )
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

## **AFFIDAVIT OF SERVICE**

I, Dennis R. Brown, under oath do depose and say as follows:

1.  I am counsel of record for the Plaintiff, William C. Roberts.

2.  On Thursday, April 28, 2005, I served the Defendant, GE Money Bank, with the following materials:

    Summons directed to the Defendant, GE Money Bank

    Verified Complaint for Declaratory and Injunctive Relief

    Statement of Damages

    Uniform Counsel Certification for Civil Cases

3.  Service upon the Defendant, GE Money Bank, was effectuated by mailing copies of the above-identified materials by first class postage prepaid certified mail return receipt requested to said Defendant at 3135 Easton Turnpike, Fairfield, CT 06828-0001.

    Signed under the pains and penalties of perjury this 5th day of May 2005.

DENNIS R. BROWN, ESQUIRE
DENNIS R. BROWN, P.C.
31 Washington Street
Wellesley, MA 02481
(781) 431-1340
BBO # 059980

A TRUE COPY
ATTEST: Stephen C. Portard  **Clerk**

ref/wp/doc/wcrcreditcard-253



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

FAIRFIELD, CT 06828

| Postage | $ | 0.83 | UNIT ID: 0109 |
| Certified Fee | | 2.30 | |
| Return Receipt Fee (Endorsement Required) | | 1.75 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | | Clerk: FW231B |
| Total Postage & Fees | $ | 4.88 | 04/28/05 |

Sent To GE Money BANK
Street, Apt. No.; or PO Box No. 3135 EASTON TURNPIKE
City, State, ZIP+4 FAIRFIELD, CT 06828-0001

PS Form 3800, June 2002                    See Reverse for Instructions

7004 2890 0002 9270 7674

BEDHAM DISTRICT COURT
2005 MAY -9 A 10:40

A TRUE COPY
ATTEST: Stephen C Pritchard Clerk

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GE Money BANK
3135 EASTON TURNPIKE
FAIRFIELD, CT
    06828-0001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☑ Agent
                                     ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
                                  5/2/05
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail     ☐ Express Mail
☐ Registered         ☐ Return Receipt for Merchandise
☐ Insured Mail       ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
(Transfer from service label)        7004 2890 0002 9270 7674

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# Trial Court Of The Commonwealth



District Court Department
Dedham Division
631 High Street
Dedham, Massachusetts 02026

(781) 329-4777

*Norfolk, ss*                                                             Civil Action No. ___0554-CV-0383

WILLIAM C. ROBERTS
V.                                            **SUMMONS**
JCPENNEY, ET AL                               (Rule 4)

                                                              P.O. BOX 390845
To Defendant _____NORTHLAND GROUP, INC._____ of EDINA, MN 55439_____ :
                        *(Name)*                                  *(Address)*

You are hereby summoned and required to serve upon____DENNIS R. BROWN_____,
plaintiff('s attorney), whose address is____31 WASHINGTON STREET, WELLESLEY, MA 02481____,
a copy of your answer to the complaint which is herewith served upon you, within **20 days** after service of this summons,
exclusive of the day of service. You also are required to file your answer to the complaint in the office of the Clerk of this
court either before service upon plaintiff('s attorney), or within **5 days** thereafter. If you fail to meet the above
requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not
appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff' claim
or you will be barred from making such claim in any other action.

WITNESS, LYNDA M. CONNOLLY, Presiding Justice, on __04/28/05_____
                                                                       *(Date)*

(SEAL)

                                                              Clerk-Magistrate

Note:
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant each should be
    addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at the commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint in this action,
            *(Date of service)*
upon the within named defendant, in the following manner (see Rule 4 (d) (1-5):

                                                          _____
                                                          (Signature)

A TRUE COPY
ATTEST: _Stephen C. Patrand_ **Clerk**        _____
                                                          (Name and title)

                                                          _____
                                                          (Address)

Note:
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such
    service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process Rule 4(f)
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the
    person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set
    forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

DCDD-201                        This form prescribed by the Chief Justice of the District Courts

## AFFIDAVIT OF SERVICE

I, Dennis R. Brown, under oath do depose and say as follows:

1.    I am counsel of record for the Plaintiff, William C. Roberts.

2.    On Thursday, April 28, 2005, I served the Defendant, Northland Group, Inc., with the following materials:

Summons directed to the Defendant, Northland Group, Inc.

Verified Complaint for Declaratory and Injunctive Relief

Statement of Damages

Uniform Counsel Certification for Civil Cases

3.    Service upon the Defendant, Northland Group, Inc., was effectuated by mailing copies of the above-identified materials by first class postage prepaid certified mail return receipt requested to said Defendant at P.O. Box 390846, Edina, MN 55439.

Signed under the pains and penalties of perjury this ___ day of May 2005.

_____
DENNIS R. BROWN, ESQUIRE
DENNIS R. BROWN, P.C.
31 Washington Street
Wellesley, MA 02481
(781) 431-1340
BBO # 059980

A TRUE COPY
ATTEST: _Stephen C Portand_ **Clerk**

ref/wp/doc/wctcreditcard-255

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

MINNEAPOLIS, MN  55439

| | | |
|---|---|---|
| Postage | $ | 0.83 | UNIT ID: 0109 |
| Certified Fee | 2.30 | |
| Return Receipt Fee (Endorsement Required) | 1.75 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: FW231B |
| Total Postage & Fees | $ | 4.88 | 04/28/05 |

Sent To  NORTHLAND GROUP INC
Street, Apt. No.; or PO Box No.  P.O. BOX 390846
City, State, ZIP+4  EDINA MN 55439

PS Form 3800, June 2002                See Reverse for Instructions

7004 2890 0002 9270 7742

A TRUE COPY
ATTEST: _Stephen C Portant_ Clerk

2005 MAY 11  A 10: 40

DEDHAM DISTRICT COURT

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Northland Group, Inc
P.O. Box 390846
Edina, MN
55439

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Bob Tushi_         ☐ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

MAY 0 2 2005

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7004 2890 0002 9270 7742

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

# Trial Court Of The Commonwealth

District Court Department
Dedham Division
631 High Street
Dedham, Massachusetts 02026

(781) 329-4777



*Norfolk, ss*

Civil Action No. 0554-CV-0383

WILLIAM C. ROBERTS
V.
JEPENNEY, ET AL

**SUMMONS**
(Rule 4)

To Defendant __GENERAL ELECTRIC CAPITAL CORPORATION__ of __ROSWELL, GA 30076__ :
        *(Name)*                                    P.O. BOX 103101
                                                    *(Address)*

You are hereby summoned and required to serve upon____DENNIS R. BROWN____,
plaintiff('s attorney), whose address is _31 WASHINGTON STREET, WELLESLEY, MA 02481____,
a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons,
exclusive of the day of service. You also are required to file your answer to the complaint in the office of the Clerk of this
court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above
requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not
appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff' claim
or you will be barred from making such claim in any other action.

WITNESS, LYNDA M. CONNOLLY, Presiding Justice, on ___04/28/05___
                                                        *(Date)*

(SEAL)

Clerk-Magistrate

**Note:**
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at the commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint in this action,
        *(Date of service)*
upon the within named defendant, in the following manner (see Rule 4 (d) (1-5):

A TRUE COPY
ATTEST: _Stephen C Portrait_ **Clerk**

| (Signature) |
| (Name and title) |
| (Address) |

**Note:**
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process Rule 4(f)
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

## **AFFIDAVIT OF SERVICE**

I, Dennis R. Brown, under oath do depose and say as follows:

1.    I am counsel of record for the Plaintiff, William C. Roberts.

2.    On Thursday, April 28, 2005, I served the Defendant, General Electric Capital Corporation, with the following materials:

      Summons directed to the Defendant, General Electric Capital Corporation

      Verified Complaint for Declaratory and Injunctive Relief

      Statement of Damages

      Uniform Counsel Certification for Civil Cases

3.    Service upon the Defendant, General Electric Capital Corporation, was effectuated by mailing copies of the above-identified materials by first class postage prepaid certified mail return receipt requested to said Defendant at P.O. Box 103101, Roswell, GA 30076.

      Signed under the pains and penalties of perjury this _____ day of May 2005.

DENNIS R. BROWN, ESQUIRE
DENNIS R. BROWN, P.C.
31 Washington Street
Wellesley, MA 02481
(781) 431-1340
BBO # 059980

ref/wp/doc/wcrcreditcard-251

A TRUE COPY
ATTEST: _Stephen C. Portas_ Clerk



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

ROSWELL GA 30076

| | | |
|---|---|---|
| Postage | $ 0.83 | UNIT ID: 0109 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: FW231B |
| Total Postage & Fees | $ 4.88 | 04/28/05 |

Sent To General Electric Capital Corporation
Street, Apt. No.; or PO Box No. P.O. Box 103101
City, State, ZIP+4 Roswell GA 30076

7004 2890 0002 9270 7704

PS Form 3800, June 2002          See Reverse for Instructions

A TRUE COPY
ATTEST: Stephen C Pataled Clerk

2005 MAY 11  A 10

BEDHAM

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

General Electric Capital
Corporation
P.O. Box 103101
Roswell, GA 30076

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☑ Agent   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
MAY 0 3 2005

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)       7004 2890 0002 9270 7704

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



# Trial Court Of The Commonwealth

District Court Department
Dedham Division
631 High Street
Dedham, Massachusetts 02026

(781) 329-4777

*Norfolk, ss*

Civil Action No. 0554-CV-0383

WILLIAM C. ROBERTS
V.
JCPENNEY, ET AL

**SUMMONS**
(Rule 4)

P.O. BOX 628084
ORLANDO, FL 32862-904£
P.O. BOX 103101
ROSWELL, GA 30076

To Defendant ___MONOGRAM CREDIT CARD BANK OF GEORGIA___ of _____:
                    *(Name)*                                              *(Address)*

You are hereby summoned and required to serve upon ___DENNIS R. BROWN___,
plaintiff('s attorney), whose address is ___31 WASHINGTON STREET, WELLESLEY, MA 02481___,
a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons,
exclusive of the day of service. You also are required to file your answer to the complaint in the office of the Clerk of this
court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above
requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not
appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff' claim
or you will be barred from making such claim in any other action.

WITNESS, LYNDA M. CONNOLLY, Presiding Justice, on ___04/28/05___
                                                                        *(Date)*

(SEAL)

_____
Clerk-Magistrate

Note:
(1)    When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be
       addressed to the particular defendant.
(2)    The number assigned to the complaint by the Clerk at the commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint in this action,
              *(Date of service)*
upon the within named defendant, in the following manner (see Rule 4 (d) (1-5):

**A TRUE COPY**
ATTEST: *Stephen C Patent* Clerk

(Signature) ▷ _____

(Name and title) _____

(Address) _____

Note:
(1)    The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such
       service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process Rule 4(f)
(2)    Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the
       person requesting service or his attorney.
(3)    If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set
       forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

DCDD-201                                This form prescribed by the Chief Justice of the District Courts

## AFFIDAVIT OF SERVICE

I, Dennis R. Brown, under oath do depose and say as follows:

1.   I am counsel of record for the Plaintiff, William C. Roberts.

2.   On Thursday, April 28, 2005, I served the Defendant, Monogram Credit Card Bank of America, with the following materials:

Summons directed to the Defendant, Monogram Credit Card Bank of America

Verified Complaint for Declaratory and Injunctive Relief

Statement of Damages

Uniform Counsel Certification for Civil Cases

3.   Service upon the Defendant, Monogram Credit Card Bank of America, was effectuated by mailing copies of the above-identified materials by first class postage prepaid certified mail return receipt requested to said Defendant at the following addresses:

P.O. Box 628084
Orlando, FL 32862-9048

P.O. Box 103101
Roswell, GA 30076

Signed under the pains and penalties of perjury this *10th* day of May 2005.

*Dennis L Brown*

DENNIS R. BROWN, ESQUIRE
DENNIS R. BROWN, P.C.
31 Washington Street
Wellesley, MA 02481
(781) 431-1340
BBO # 059980

A TRUE COPY
ATTEST: *Stephen C Portant* Clerk

ref/wp/doc/wcrcreditcard-252

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

SNELLVILLE, GA 30078

| | | UNIT ID: 0109 |
|---|---|---|
| Postage | $ 0.83 | |
| Certified Fee | 2.30 | Postmark |
| Return Receipt Fee (Endorsement Required) | 1.75 | Here |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: FW231B |
| Total Postage & Fees | $ 4.88 | 04/28/05 |

Sent To MONOGRAM CREDIT CARD
BANK OF GEORGIA

Street, Apt. No.; or PO Box No. P.O. BOX 103101

City, State, ZIP+4 ROSWELL GA 30076

PS Form 3800, June 2002                    See Reverse for Instructions

7004 2890 0002 9270 7698

A TRUE COPY
ATTEST: Stephen C Pothard Clerk

2005 MAY 11  A 10: 00

DEDHAM DISTRICT COURT

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature X ☐ Agent ☐ Addressee B. Received by ( Printed Name) MAY 0 9 2005 C. Date of Delivery |
| 1. Article Addressed to: Monogram Credit Card BANK of Georgia P.O. Box 103101 Roswell, GA 30076 | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
| | 3. Service Type ☑ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number *(Transfer from service label)* | 7004 2890 0002 9270 7698 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# Trial Court Of The Commonwealth

District Court Department
Dedham Division
631 High Street
Dedham, Massachusetts 02026

(781) 329-4777



*Norfolk, ss*

Civil Action No. __0554__:C7-0383

WILLIAM C. ROBERTS
V.
JCPENNEY, ET AL

**SUMMONS**
(Rule 4)

P.O. BOX 960001
ORLANDO, FL 32896-0001
P.O. BOX 981131

To Defendant __JCPENNEY__
_____(Name)_____

of EL PASO, TX 79998
_____(Address)_____

You are hereby summoned and required to serve upon __DENNIS R. BROWN__,
plaintiff('s attorney), whose address is __31 WASHINGTON STREET, WELLESLEY, MA 02481__,
a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You also are required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff' claim or you will be barred from making such claim in any other action.

WITNESS, LYNDA M. CONNOLLY, Presiding Justice, on __04/28/05__
_____(Date)_____

(SEAL)

Clerk-Magistrate

Note:
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at the commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint in this action,
_____(Date of service)_____
upon the within named defendant, in the following manner (see Rule 4 (d) (1-5):

A TRUE COPY
ATTEST: _Stephen C Portrast_ Clerk

_____(Signature)_____

_____(Name and title)_____

_____(Address)_____

Note:
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process Rule 4(f)
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

DCDD-201                                This form prescribed by the Chief Justice of the District Courts

**AFFIDAVIT OF SERVICE**

I, Dennis R. Brown, under oath do depose and say as follows:

1.  I am counsel of record for the Plaintiff, William C. Roberts.

2.  On Thursday, April 28, 2005, I served the Defendant, JCPenney, with the following materials:

    Summons directed to the Defendant, JCPenney

    Verified Complaint for Declaratory and Injunctive Relief

    Statement of Damages

    Uniform Counsel Certification for Civil Cases

3.  Service upon the Defendant, JCPenney, was effectuated by mailing copies of the above-identified materials by first class postage prepaid certified mail return receipt requested to said Defendant at the following addresses:

    P.O. Box 960001
    Orlando, FL 32896-0001

    P.O. Box 981131
    El Paso, TX 79998

    Signed under the pains and penalties of perjury this ___ day of May 2005.

*Dennis R. Brown*

DENNIS R. BROWN, ESQUIRE
DENNIS R. BROWN, P.C.
31 Washington Street
Wellesley, MA 02481
(781) 431-1340
BBO # 059980

A TRUE COPY
ATTEST: *Stephen C. Portasl* Clerk

ref/wp/doc/wcrcreditcard-250



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

ORLANDO, FL    32896

| | |
|---|---|
| Postage | 0.83 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $    4.88 |

UNIT ID: 0109

Postmark Here

Clerk: FW231B

04/28/05

7004 2890 0002 9270 7711

Sent To: JC Penney
Street, Apt. No.; or PO Box No. P.O. Box 960001
City, State, ORlando FL 32896-0001

PS Form 3800, June 2002    See Reverse for Instructions

A TRUE COPY
ATTEST: *Stephen C. Prstad* Clerk

2005 MAY
DEDHAM

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JC Penney
P.O. Box 960001
ORlando, FL
      32896-0001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature *G.G.L.*
X  **Gonzalo Gutierrez**    ☑ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                   MAY 0 2 2005

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number *(Transfer from service label)*
   7004 2890 0002 9270 7711

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

EL PASO, TX 79998

| | | UNIT ID: 0109 |
|---|---|---|
| Postage | $ 0.83 | |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.78 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: FW231B |
| Total Postage & Fees | $ 4.88 | 04/28/05 |

Sent To  JC Penney
Street, Apt. No.; or PO Box No.  P.O. Box 981131
City, State, ZIP+4  El PASO TX 79998

PS Form 3800, June 2002                See Reverse for Instructions

7004 2890 0002 9270 7728

A TRUE COPY
ATTEST: *Stephen C Portait*  Clerk

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JC Penney
P.o. Box 981131
El PASO, TX
79998

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☑ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery MAY 03 2005

ANTONIO ORNELAS

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7004 2890 0002 9270 7728

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                          DEDHAM DISTRICT COURT
                                      DOCKET #: 0554CUC.‑83

WILLIAM C. ROBERTS,          )
     Plaintiff               )
                             )
     v.                      )
                             )
JCPENNEY, GENERAL ELECTRIC   )
CAPITAL CORPORATION, MONOGRAM )
CREDIT CARD BANK OF GEORGIA, )
GE MONEY BANK, D & S, LTD.,  )          3184A000004/26/05CIVIL FEE      180.00
and NORTHLAND GROUP, INC.    )          3184A000004/26/05SURC-IARGE      15.00
     Defendants              )          3184A000004/26/05WRIT3          25.00
                                        3184A000004/26/05WRIT3           5.00

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

### I. THE PARTIES

1.   The Plaintiff is William C. Roberts **("Roberts")**, an individual
     who currently resides at 97 Audubon Road, Wellesley, Norfolk
     County, Massachusetts.

2.   The Defendants are JCPenney, a business entity with principal
     offices for the conduct of business and/or a mailing address
     of:

     P.O. Box 960001
     Orlando, FL 32896-0001

     P.O. Box 981131
     El Paso, TX 79998

     and General Electric Capital Corporation, a business entity
     with principal offices for the conduct of business and/or a
     mailing address of P.O. Box 103101, Roswell, GA 30076.
     Monogram Credit Card Bank of Georgia, a business entity with
     principal offices for the conduct of business and/or a mailing
     address of:

     P.O. Box 628084
     Orlando, FL 32862-9048

     P.O. Box 103101
     Roswell, GA 30076

     and GE Money Bank, a business entity with principal offices
     for the conduct of business and/or a mailing address of 135
     Easton Turnpike, Fairfield, CT 06828-0001 **("Alleged Creditor")**

2005 APR 22    DEDHAM DISTRICT COURT

A TRUE COPY
ATTEST: Stephen C Patrail Clerk

and D & S, Ltd., a business entity with principal offices for the conduct of business and/or a mailing address of 231 E. Main Street, Suite 240, Round Rock, TX 78664, General Electric Capital Corporation, a business entity with principal offices for the conduct of business and/or a mailing address of P.O. Box 103101, Roswell, GA 30076 and Northland Group, Inc., a business entity with principal offices for the conduct of business and/or mailing address of P.O. Box 390846, Edina, MN 55439 **("Debt Collector")**.

## II. FACTUAL BACKGROUND

3.  On or about May of 2004, Roberts became aware that the Alleged Creditor was claiming that he was obligated to the Alleged Creditor on an account maintained by the Alleged Creditor designated as account number 171 731 566 5 **("Alleged Creditor's Claimed Account")**.

4.  On or about June 24, 2004, Roberts, through counsel, corresponded with the Alleged Creditor and/or the Debt Collector in connection with the Alleged Creditor's Claimed Account. In such correspondence, Roberts denied any obligation to the Alleged Creditor and, pursuant to the Federal Fair Debt Collection Practices Act, Section 809 (15 USC, Section 1692g), Roberts requested that he be provided with all documentation in the Alleged Creditor's file concerning any claims against the Alleged Creditor's Claimed Account and specifically requested all information and/or documentary support consisting of, providing or indicating:

    a.  What money was claimed to be due and owing from Roberts;

    b.  An explanation and demonstration of how the Alleged Creditor calculated what monies it said were due and owing from Roberts;

    c.  Copies of any papers showing that Roberts had agreed to pay monies claimed to be due from Roberts by the Alleged Creditor;

    d.  Verification or copy of any judgment, if applicable;

    e.  That, if the Alleged Creditor was not the "original creditor", identification of the "original creditor" be made;

    f.  That, if the Alleged Creditor was a "debt collector" under federal or state law, the Alleged Creditor show or demonstrate it was licensed in the Commonwealth of Massachusetts to engage in the business of debt collection and that the Alleged Creditor provide its license numbers regarding the same.

A TRUE COPY
ATTEST: _Stephen C Patiael_ **Clerk**

5.  In the above-referenced correspondence, Roberts also requested that, if the Alleged Creditor and/or the Debt Collector had reported the Alleged Creditor's Claimed Account to any credit reporting agency, the Alleged Creditor inform any such credit reporting agency that Roberts did not agree with the claimed debt and that the Alleged Creditor and/or the Debt Collector provide Roberts proof that it had done so.

6.  Despite the foregoing requests, the Alleged Creditor and/or the Debt Collector failed and/or refused to provide any and/or all documentation which had been requested.

7.  Roberts is not indebted to the Alleged Creditor on the Alleged Creditor's Claimed Account and has made no agreement with the Alleged Creditor concerning payment for the provision of products and/or services identified, mentioned, referenced or encompassed within the Alleged Creditor's Claimed Account.

### COUNT I - FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

8.  Roberts repeats and realleges all provisions contained in paragraphs 1 through 7 above.

9.  The debt claimed by the Alleged Creditor on the Alleged Creditor Claimed Account is a consumer debt within the meaning of Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) and, at all times material hereto the Alleged Creditor and/or the Debt Collector was acting as a debt collector within the meaning of the Federal Fair Debt Collection Practices Act.

10. Despite being informed that Roberts was not obligated to the Alleged Creditor, the Alleged Creditor and/or the Debt Collector persisted in collection attempts against Roberts on the Alleged Creditor Claimed Account.

11. Despite request for validating information as stated above, the Alleged Creditor and/or the Debt Collector has failed and/or refused to provide some or all of the validating information and/or documentation requested by Roberts and has failed to cease collection activities against Roberts.

12. By the conduct stated above, the Alleged Creditor and/or the Debt Collector engaged in conduct to "harass, oppress, or abuse" Roberts in connection with debt collection and/or engaged in the use of "false, deceptive or misleading representation or means" to collect or attempt to collect a debt.

13. By its conduct the Alleged Creditor has engaged in violation of the Federal Fair Debt Collection Practices Act.

14. Roberts has been harmed by the conduct stated above.

A TRUE COPY
ATTEST: Stephen C Portrad Clerk

## COUNT II - DECLARATORY RELIEF

15. Roberts repeats and realleges all provisions contained in paragraphs 1 through 14 above.

16. There now exists a serious controversy between the parties concerning their rights, duties and status concerning right, title and interest regarding the Alleged Creditor's Claimed Account.

17. Roberts is entitled to a declaration in his favor to the effect that he is not obligated to the Alleged Creditor under the Alleged Creditor's Claimed Account.

18. Roberts has no other plain adequate remedy at law or equity other than by an action, such as the one brought by this complaint with this Court.

## COUNT III - INJUNCTIVE RELIEF

19. Roberts repeats and realleges all provisions contained in paragraphs 1 through 18 above.

20. Roberts is entitled to the protection of this Court preventing the Alleged Creditor and/or the Debt Collector from taking any action against Roberts in pursuit of an alleged debt under the Alleged Creditor's Claimed Account.

21. The Alleged Creditor and/or the Debt Collector has taken action in pursuit of the alleged debt by Roberts under the Alleged Creditor's Claimed Account, including making claim and demand upon Roberts and submitting unfavorable reports to credit reporting agencies.

22. Roberts is entitled to the issuance of an order of injunctive relief enjoining the Alleged Creditor and/or the Debt Collector from taking action in pursuit of the alleged debt by Roberts under the Alleged Creditor's Claimed Account, including making claim and demand upon Roberts and submitting unfavorable reports to credit reporting agencies.

23. Roberts will suffer immediate and irreparable harm if such injunctive relief as prayed for in this Complaint is not rendered by this Court.

WHEREFORE, the Plaintiff, William C. Roberts, respectfully requests that this Court grant him the following relief and remedy:

a. Issuance of a Temporary Restraining Order enjoining any of the Defendants or any of its or their agents, servants or employees, from taking action in pursuit of the alleged debt by Roberts under the Alleged Creditor's Claimed Account, including making claim and demand upon Roberts and submitting unfavorable reports to credit reporting agencies;

A TRUE COPY
ATTEST: Stephen C Prthard Clerk

b.   Issuance of a Short Order of Notice to show cause why any of
     the Defendants or any of its or their agents, servants or
     employees, should not be enjoined from taking action in
     pursuit of the alleged debt by Roberts under the Alleged
     Creditor's Claimed Account, including making claim and demand
     upon Roberts and submitting unfavorable reports to credit
     reporting agencies;

c.   Following return of said Order, entry of an Order of
     Preliminary Injunction enjoining any of the Defendants or any
     of its or their agents, servants or employees, from taking
     action in pursuit of the alleged debt by Roberts under the
     Alleged Creditor's Claimed Account, including making claim and
     demand upon Roberts and submitting unfavorable reports to
     credit reporting agencies;

d.   After Trial, the entry of a Judgment providing for a permanent
     injunction enjoining any of the Defendants or any of its or
     their agents, servants or employees, from taking action in
     pursuit of the alleged debt by Roberts under the Alleged
     Creditor's Claimed Account, including making claim and demand
     upon Roberts and submitting unfavorable reports to credit
     reporting agencies;

e.   Entry of a declaratory judgment setting forth the rights and
     obligations of the parties hereto with respect to the legal
     right, title and interest concerning the Alleged Creditor's
     Claimed Account;

f.   Award of damages (including actual damages, punitive damages
     and statutory damages as may be applicable to Plaintiff's
     claims);

g.   Interest, costs and attorney's fees;

h.   Any other relief this Court may deem meet and just.


                              Plaintiff

                              By His Attorney,


                              _Dennis K Brown_
                              DENNIS R. BROWN, ESQUIRE
                              DENNIS R. BROWN, P.C.
                              31 Washington Street
                              Wellesley, MA 02481
                              (781) 431-1340
DATED: April 21, 2005         BBO #: 059980
ref/wp/doc/wcrcreditcard/149-153


                    A TRUE COPY
                    ATTEST: _Stephen C Portant_ Clerk

## VERIFICATION

I, William C. Roberts, under oath do depose and say as follows:

1. I am the Plaintiff identified in the foregoing Complaint.

2. I have read the foregoing Complaint.

3. The factual allegations set forth therein are true and accurate.

Signed under the pains and penalties of perjury this 19th day of April 2005.

WILLIAM C. ROBERTS

A TRUE COPY
ATTEST: _Stephen C. Portiaol_ Clerk

# Commonwealth Of Massachusetts
## TRIAL COURT
## DISTRICT COURT DEPARTMENT

### UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

CASE NAME: <u>WILLIAM C. ROBERTS V.</u>    DOCKET #: _____

<u>JCPENNEY, ET AL</u>

I am attorney of record for: _____ <u>WILLIAM C. ROBERTS</u> _____

plaintiff /~~defendant~~ in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part: "...Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent...," I hereby certify that I have complied with this requirement.

_____
Signature of Attorney of Record

DENNIS R. BROWN
Print name

A TRUE COPY
ATTEST: _Stephen C. Poitrad_ Clerk B.B.O. #: _____059980_____

Date: _04-21-05_

DEDHAM DISTRICT COURT
2005 APR 22 A 9:14

EFFECTIVE 5/30/00, AT THE DISTRICT COURT DEPARTMENT DEDHAM DIVISION, THIS CERTIFICATION MUST BE FILED IN ALL CIVIL, SUMMARY PROCESS AND SMALL CLAIMS CASES IN WHICH COUNSEL FILES AN APPEARANCE, OR OTHERWISE PROVIDES REPRESENTATION.

NOTE: UNLESS EXEMPTED, PLAINTIFF'S AND PETITIONER'S COUNSEL SHALL FILE THIS DOCUMENT TOGETHER WITH HIS OR HER INITIAL PLEADING. ALL OTHER COUNSEL SHALL FILE IT WITHIN 30 DAYS OF HIS OR HER INITIAL ENTRY INTO THE CASE WHETHER BY ANSWER, MOTION, APPEARANCE SLIP OR OTHER PLEADING.

| STATEMENT OF DAMAGES<br>G.L. c. 218, ss 19A(a) | DA._FILED (To be added by Clerk) | DOCKET NO. (To be added Clerk) | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|
| PLAINTIFF(S)<br>WILLIAM C. ROBERTS | | DEFENDANT(S) JCPENNEY, GENERAL ELECTRIC CAPITAL CORPORATION, MONOGRAM CREDIT CA BANK OF GEORGIA and D & S, LTD., ET AL | |

INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT ACTIONS SEEKING MONEY DAMAGES.

DEDHAM _____ DISTRICT COURT

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| (1) Total hospital expenses: | $ N/A |
| (2) Total doctor expenses: | $ N/A |
| (3) Total chiropractic expenses | $ N/A |
| (4) Total physical therapy expenses: | $ N/A |
| (5) Total other expenses (describe): | |
| | $ N/A |
| SUBTOTAL: | $ N/A |
| B. Documented lost wages and compensation to date: | $ N/A |
| C. Documented property damages to date: | $ N/A |
| D. Reasonably anticipated future medical and hospital expenses: | $ N/A |
| E. Reasonably anticipated lost wages: | $ N/A |
| F. Other documented items of damage (describe): | |
| | $ N/A |
| G. Brief description of Plaintiff's injury, including nature and extent of injury (describe): | |
| SEE BELOW | |
| For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: | $ UNKNOWN |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): THE PLAINTIFF SEEKS INJUNCTIVE AND DECLARATORY RELIEF AND STATUTORY RELIEF UNDER FEDERAL FAIR DEBT COLLECTION PRACTICES ACT | $ N/A<br>$ N/A<br>$ N/A<br>$ N/A |
| For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: | $ UKNOWN |

Attorney for Plaintiff (or Pro Se Plaintiff):

Signature _Dennis R Brown_ 04-21-05
Date

DENNIS R. BROWN    059980
print or type name    B.B.O.#
31 WASHINGTON STREET, WELLESLEY, MA 02481
TEL. #: (781) 431-1340
Address

Defendant's Name and Address:
SEE ATTACHED

A TRUE COPY
ATTEST: Stephen C Patriad Clerk

but less than $25,000

## ATTACHMENT TO STATEMENT OF DAMAGES

**RE: WILLIAM C. ROBERTS**
**V.**
**JCPENNEY, GENERAL ELECTRIC CAPITAL CORPORATION, MONOGRAM**
**CREDIT CARD BANK OF GEORGIA, GE MONEY BANK, D & S, Ltd.**
**AND NORTHLAND GROUP, INC.**

## ADDRESSES OF DEFENDANTS:

1.   JCPenney
     P.O. Box 960001
     Orlando, FL 32896-0001

     JCPenney
     P.O. Box 981131
     El Paso, TX 79998

2.   General Electric Capital Corporation
     P.O. Box 103101
     Roswell, GA 30076

3.   Monogram Credit Card Bank of Georgia
     P.O. Box 628084
     Orlando, FL 32862-9048

     Monogram Credit Card Bank of Georgia
     P.O. Box 103101
     Roswell, GA 30076

4.   GE Money Bank
     3135 Easton Turnpike
     Fairfield, CT 06828-0001

5.   D & S, Ltd.
     231 E. Main Street
     Suite 240
     Round Rock, TX 78664

6.   Northland Group, Inc.
     P.O. Box 390846
     Edina, MN 55439   A TRUE COPY
                       ATTEST Stephen C Patrack

ref/wp/doc/wcrcreditcard-191



Posternak
POSTERNAK BLANKSTEIN & LUND LLP

June 1, 2005

Steven S. Broadley
617-973-6136
617-722-4909 FAX
sbroadley@pbl.com

Civil Clerk
Dedham District Court
631 High Street
Dedham, MA  02026

RE:    *William C. Roberts v. Northland Group, Inc. et als.*
       C.A. No. 0554-CV-0383

Dear Sir or Madam:

Enclosed for filing please find:  (1) Notice of Filing of Notice of Removal; and (2) Northland
Group, Inc.'s Notice of Removal, docketed in the United States District Court under Civil Action
No. 05-11123RWZ.

Very truly yours,

Steven S. Broadley

SSB/jlf
Enclosure
ID # 433150v01/14548-2

cc:    Dennis R. Brown, Esquire
       Nora Kainu
       Diane Zarlock, Esquire

2005 JUN - 3  A 10: 00

DEDHAM DISTRICT COURT